## E. H. HEITHECKER v. P. A. FITZHUGH.

JUDGMENT, *Reversed in Part, and Affirmed in Part; Costs.* Where a plaintiff in error brings up for review a judgment which includes an amount about which there is no controversy, and the part complained of is found to be erroneous, so that the judgment is reversed in part and affirmed in part, he is entitled to recover all of his costs which accrued in the appellate court.

*Motion for Rehearing.*

The facts are stated in *Heithecker v. Fitzhugh,* supra, and in the opinion herein, filed on June 7, 1889.

*Grattan & Grattan,* for plaintiff in error.
*Lucien Earle,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : On the rehearing a modification of the judgment rendered by this court is asked by the defendant in error. The judgment given by the district court against Heithecker which was ordered to be reversed, was for $432.40. This judgment was based upon two claims, one for $292.40 on notes alleged to have been left with Heithecker for collection by E. C. Thornton & Co., and which he had collected for them, and also a claim of $140 for cigars sold to him by E. C. Thornton & Co., both of which claims it was alleged had been assigned by E. C. Thornton & Co. to Fitzhugh, the defendant in error. Prior to the beginning of these proceedings, a notice of garnishment had been served upon Heithecker by a creditor of Thornton & Co., and an attempt made to subject what was due from Heithecker to the payment of Thornton & Co.'s debt. In this action Heithecker denied that the notes were left with him for collection, and claimed that he had purchased and paid for the same. He admitted that he was indebted on the claim of $140 for the cigars purchased from Thornton & Co., and he brought and paid into court the sum of $140.35, together with the accrued cost of $2.90, and asked

the court to pay that sum to the defendant in error, Fitzhugh, if the same was legally due to him.   He stated in his pleading that he did not desire to contest with Fitzhugh the validity of the indebtedness for the $140, nor require him to obtain proof that he was the assignor and owner of the account, but that he tendered that sum, with the accrued costs, and simply asked the court to protect him so that he should not be required to pay it a second time.

By agreement of the parties the only question submitted to the jury was whether Heithecker owed Fitzhugh the sum of $292.40, and as to the $140 claim it was agreed that the court should determine from the evidence to whom that amount was due; and the court, after hearing the evidence, determined that it was justly due to the defendant in error.

When judgment was rendered in favor of Fitzhugh, an application was made in behalf of the creditors of Thornton & Co. to file an interplea, claiming a lien upon the sum of $140, by virtue of garnishment proceedings; but the court determined that the application came too late, and properly denied it.   Although an exception was taken to this ruling by counsel for the creditors of Thornton & Co., they are not now complaining.

The jury found upon the issues submitted to it that Heithecker was owing upon the notes left for collection the sum of $292.40, and to this amount the court added the further sum of $140, about which there was no controversy between the parties to this action, and entered judgment for both as an entirety.   The fact that a portion of the judgment was conceded to be correct was not brought to the attention of this court at the first hearing, and hence an unqualified reversal was ordered. That part of the judgment admitted by Heithecker to be due, which the court found rightfully belonged to Fitzhugh, and of which finding no complaint is made, should stand as it was rendered; and to that extent the judgment heretofore given will be modified.

The defendant in error further claims that the costs in this court should be divided.   Ordinarily, where a judgment is

reversed in part and affirmed in part, the costs are equally divided between the parties. In the present case, however, we think the plaintiff in error is entitled to recover all of his costs. He only complained of the rulings made with respect to the matter which was in dispute; and upon these the order of reversal is based. He therefore obtains all he asks, and ought not to be taxed with costs because the judgment included an amount which was not in controversy. It is true, the whole judgment was brought up on the record by him, but it was entered by the district court as an entirety, and he could not do otherwise. The points which he made in his proceeding in error were sustained and the judgment as entered held to be erroneous, and as he obtained all that he sought by the proceeding there should be no division of costs. Judgment should be entered in the district court against Heithecker and in favor of Fitzhugh for $140, and the interest thereon, and only to this extent will the former order of reversal be modified.

All the Justices concurring.